J-S75017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW BROWN | |
| Appellant | No. 119 EDA 2014 |

Appeal from the PCRA Order December 11, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002218-2005

BEFORE: ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 30, 2015**

Andrew Brown appeals from the order of the Court of Common Pleas of Delaware County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]    Additionally, Brown's counsel seeks permission to withdraw from representation.    Upon review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

This matter arises from a fatal shooting in the city of Chester on September 15, 2004.  On October 27, 2006, a jury convicted Brown of first-degree murder.[2]  On December 5, 2006, the court sentenced Brown to life in prison without parole.  On December 10, 2009, this Court affirmed Brown's

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2505(a).

judgment of sentence. *See Commonwealth v. Brown*, No. 2347 EDA 2008 (Pa. Super. 2009) (unpublished memorandum). Brown did not file a petition for allowance of appeal with our Supreme Court.

On January 28 2010, Brown filed a *pro se* PCRA petition. On May 10, 2010, Brown's trial counsel filed an application to withdraw his appearance. On October 27, 2010, the court permitted counsel to withdraw, and appointed Scott D. Galloway, Esquire, as new counsel for Brown. Attorney Galloway filed an amended petition on February 3, 2012, and, on December 11, 2013, the PCRA court dismissed the petition.

On January 9, 2014, Brown filed the instant appeal. Thereafter, on September 8, 2014, Attorney Galloway filed a *Turner*/*Finley*[3] no-merit letter and a petition to withdraw. In response, on November 21, 2014, Brown filed an application for relief to file a *pro se* brief in support of the merits of his claims. We granted Brown's request on February 6, 2015. Thereafter, Brown requested an extension of time to file his *pro se* brief. This Court granted a fifteen-day extension on March 2, 2015. As of March 17, 2015, Brown has yet to file his *pro se* brief. Accordingly, we will review Attorney Galloway's *Turney*/*Finley* letter brief for the issues Brown wishes to raise on appeal.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

However, before considering the issues Attorney Galloway asserts Brown wishes to raise on appeal, we first must consider whether counsel has complied with the requirements of *Turner*/*Finley*. We previously have explained this procedure as follows:

> *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Attorney Galloway's letter brief indicates that he examined the record, case law, and all relevant statutes; that he discussed the case with Brown;

and that after examining whether any claims were available to Brown, counsel explained why he believed Brown's issues lacked merit. Attorney Galloway mailed copies of his *Turner*/*Finley* letter brief and petition to withdraw to Brown, and advised Brown of his right to proceed *pro se* or through privately-retained counsel. Accordingly, we conclude that Attorney Galloway has substantially complied with the mandates of *Turner* and *Finley*, and we proceed with our review of the merits of Brown's claims.

According to counsel, Brown wishes to raise the following issues for our review:

1. Was Brown denied effective assistance of counsel in that his Attorney had a conflict of interest as to representation?

2. Was trial counsel ineffective for failing to file a motion as to the suppression of certain statements made by Brown?

3. Was trial counsel ineffective for failing to file a motion as to the disclosure of statements and identity of confidential informants?

4. Was trial counsel ineffective for failing to object to statements made during the District Attorney's closing argument?

5. Was trial counsel ineffective for moving for the sequestration of Detective Todd Nuttall?

6. Was trial counsel ineffective for failing to request of the court a jury instruction as to voluntary manslaughter?

*Turner*/*Finley* letter, 9/8/14 at 2-3.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the

factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations and quotations omitted). Brown's issues on appeal implicate the effectiveness of trial counsel.

> Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

***Id.*** at 1195.

In his first issue, Brown argues that trial counsel was ineffective because he had a conflict of interest in representing Brown. Specifically, Brown claims that counsel served as a Juvenile Master in a matter involving Brown and, because of this, Brown was prejudiced. Brown relies on 42 Pa.C.S. § 2502[4] to support his claim that counsel was prohibited from

---

[4] The statute provides:

(a) General Rule. Except as otherwise prescribed by general rule, an attorney at law who is an employee of a court

*(Footnote Continued Next Page)*

appearing in the Delaware County Court of Common Pleas.  Our standard of review is well-settled.

> Absent an abuse of discretion, we are constrained to accept the trial court's finding that there was no conflict of interest.  A prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed.  Mere allegations of a conflict of interest, however, are insufficient to require replacement of a district attorney.

***Commonwealth v. Stafford***, 749 A.2d 489, 494 (Pa. Super. 2000) (internal quotations and citations omitted).  Furthermore, an appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice.  ***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1147 (Pa. 2012).

Initially, we note that Section 2502 only prohibited counsel from appearing before the Delaware County Juvenile Court.  ***See*** 42 Pa.C.S. § 2502; ***see also*** Pa.R.J.C.P. 185(b) ("Masters shall not engage in practice before the juvenile court in the same judicial district where they preside over juvenile matters.").  Additionally, Brown does not allege any specific act or omission showing that trial counsel had a conflict of interest.  In fact, when

*(Footnote Continued)* ─────────────────

> shall not appear as counsel in such court.  An attorney at law shall not appear in any court or in any matter in violation of any general rule relating to the practice of law or the conduct of courts, magisterial district judges and officers serving process or enforcing orders of the court.

42 Pa.C.S. § 2502.

asked whether Brown was aware that trial counsel had served as a juvenile master in a matter involving him, Brown answered that he was aware and that he wanted trial counsel as his attorney. N.T. Trial, 10/24/06, at 25-26. Because section 2502 permitted counsel to appear in the Delaware County Court of Common Pleas and Brown merely alleges a conflict of interest, we find this claim meritless. **Stafford**, **supra**.

In his second issue, Brown claims that trial counsel was ineffective for failing to file a motion to suppress two statements made by Brown to the police. Brown asserts that the statements were involuntary and illegally obtained.

The constitutional test for voluntariness concerns whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess. **Commonwealth v. Nester**, 709 A.2d 879, 882 (Pa. 1998). The question is, "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." **Miller v. Fenton**, 474 U.S. 104, 112 (1985).

Here, Detective Nuttall and Brown both testified that, as a result of the interrogation about the murder, Brown signed two statements of confession. Prior to the interrogation, Detective Nuttall read Brown his **Miranda**[5] rights

---

[5] **Miranda v. Arizona**, 384 U.S. 436 (1966).

and completed the City of Chester Police Department Statement of Rights Waiver Form with Brown. N.T. Trial, 10/26/06, at 59. Detective Nuttall testified that Brown indicated his understanding and signed the form, which was entered into evidence. *Id.* at 61. Detective Nuttall further testified that he did not force, coerce, or induce Brown to sign or write the statements. *Id.* at 81, 85. The jury, who had received an instruction regarding voluntariness, found Detective Nuttall's testimony credible and concluded that the confession was voluntary. The PCRA court affirmed this credibility determination and, because it is supported by the record, we will not disturb it. *Ford*, *supra*.

In his third issue, Brown asserts that trial counsel was ineffective for failing to file a motion requesting the disclosure of statements and identities of confidential informants. The Commonwealth has a qualified privilege to withhold the identity of a confidential informant. *Commonwealth v. Marsh*, 997 A.2d 318, 321 (Pa. 2010). To overcome the privilege and obtain a confidential informant's identity, a defendant must first establish that the information sought is material to the preparation of the defense and that the request is reasonable. *Id.*; *see also* Pa.R.Crim.P. 573(B)(2)(a)(i).

In its opinion, the PCRA court addressed this claim and concluded that it lacked merit because Brown did not present any evidence that the informants' statements or identities were material to his case. PCRA Court Opinion, 7/21/14, at 7. We agree with the PCRA court's conclusion that trial counsel did not render ineffective assistance when he failed to file a motion

requesting the disclosure of the statements and identities of certain confidential informants.

In his fourth issue, Brown argues that trial counsel was ineffective for failing to object to several instances of prosecutorial misconduct during closing argument. Specifically, Brown alleges that the prosecutor's comment that defense counsel was trying to obscure the facts by creating a "a web of confusion," N.T. Trial, 10/27/06, at 80, as well the prosecutor's vouching for a witness and characterization of Brown as a killer constituted prosecutorial misconduct.

Prosecutorial misconduct will be found if the argument results in prejudice to the defendant. It does so when:

> [T]he unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Due to the nature of a criminal trial, both sides must be allowed reasonable latitude in presenting their cases to the jury. Prosecutorial misconduct will not be found where comments made were done for oratorical flair.

**Commonwealth v. Miller**, 897 A.2d 1281, 1291 (Pa. Super. 2006).

Upon our review of the trial transcript, we agree with the PCRA court that the prosecutor's statements were grounded in the record, not in his own personal judgment. PCRA Court Opinion, 7/21/14, at 7; **see also** N.T. Trial, 10/27/06, at 87-89. Additionally, Brown fails to demonstrate how the prosecutor's comments were more than oratorical flair and whether they prejudiced the jurors. Accordingly, we discern no prosecutorial misconduct.

*Miller*, *supra*. Because trial counsel cannot be deemed ineffective for failing to make baseless objections, we find this claim meritless.

In his fifth issue, Brown argues that trial counsel was ineffective for failing to object to the prosecutor's unethical conduct when he spoke to Detective Nuttall regarding his testimony during a recess.

> A defendant is not entitled to relief for a claim of prosecutorial misconduct unless the unavoidable effect of the prosecutor's actions is to prejudice the jury so that a true verdict cannot be rendered because the existence of bias and hostility makes it impossible to weigh the evidence in a neutral manner.

*Commonwealth v. Hill*, 666 A.2d 642, 647 (Pa. 1995).

Again, we discern no prosecutorial misconduct that would entitle Brown to relief. *Id.* Detective Nuttall was not sequestered and the court did not prohibit him from speaking with the prosecutor. Nor does Brown allege how the conversation prejudiced the jury. Accordingly, this claim is also meritless.

In his final issue, Brown asserts that trial counsel was ineffective for failing to request a jury instruction on the lesser offense of voluntary manslaughter. Voluntary manslaughter is defined as:

> A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is under sudden and intense passion resulting from serious provocation by: (1) the individual killed; or (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

18 Pa.C.S. § 2503.

- 10 -

We agree with the PCRA court that there was insufficient evidence introduced at trial to warrant an instruction for voluntary manslaughter. Additionally, Brown would not have been entitled to the instruction because the victim's conduct, a slap, did not constitute a "serious provocation." *See Commonwealth v. Sheppard*, 648 A.2d 563, 566 (Pa. Super. 1994). Because trial counsel cannot be deemed ineffective for failing to request an instruction Brown was not entitled to, this claim is also meritless.

For the foregoing reasons, we find Brown's claims of ineffective assistance of counsel to fail. *Ford*, *supra*. Accordingly, we affirm the order of the PCRA court dismissing Brown's PCRA petition.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015